UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FLETCHER,<br>   Plaintiff,<br>v.<br>CORRECTIONAL OFFICER MENDEZ, et al.,<br>   Defendants. | Case No. 16-cv-01160-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE CERTAIN CLAIMS TO BE REFILED IN EASTERN DISTRICT; AND DISMISSING REMAINING CLAIMS WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. §1915A, along with his motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Plaintiff alleges violations of his constitutional rights while he was housed at: SVSP in January of 2016; the Substance Abuse Treatment Facility ("SATF") in Corcoran in October of 2015; and the California Health Care Facility ("CHCF") in Stockton on an unknown date. *See* Dkt. 1 at 3-9.[1]  Plaintiff seeks monetary damages as well as injunctive relief.

Venue is proper because the events giving rise to some of the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). However, as mentioned above, Plaintiff also complains of various violations of his constitutional rights during his incarceration at SATF and CHCF, which are both located within the venue of the Eastern District of California. Therefore, these claims are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal on venue grounds without prejudice).

The only remaining claims are Plaintiff's claims relating to constitutional violations at SVSP. However, this Court finds that the complaint is deficient as to these claims because it fails

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

to provide information regarding the exhaustion of administrative remedies.  *See* Dkt. 1 at 1-2.  Accordingly, this Court has no choice but to dismiss the complaint with leave to amend.[2]

Plaintiff is also advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff must identify all defendants by name and state how each individual defendant violated a specific federal right.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims relating to alleged violations of his constitutional rights during his incarceration at SATF and CHCF, including all claims against Defendants Doctor Saycom, SATF Warden and CHCF Warden, are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them separately in new civil rights actions in the United States District Court for the Eastern District of California.

2. The remaining claims relating to alleged violations of his constitutional rights during his incarceration at SVSP are DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed.  The amended complaint must include the caption and civil case number used in this Order (C 16-01160 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  **Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

---

[2] Exhaustion is mandatory and no longer left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

1   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
2   while an action is pending must promptly file a notice of change of address specifying the new
3   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
4   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
5   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
6   *se* party indicating a current address. *See* L.R. 3-11(b).

   4.   The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

   IT IS SO ORDERED.

Dated: September 7, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge