UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY FLETCHER,

    Plaintiff,

  v.

CORRECTIONAL OFFICER MENDEZ, et al.,

    Defendants.

Case No. 16-cv-01160-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On September 7, 2016, the Court issued an Order, entitled, "Order of Dismissal Without Prejudice Certain Claims to be Refiled in Eastern District; and Dismissing Remaining Claims with Leave to Amend." Specifically, the Court dismissed certain claims without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. The Court also granted Plaintiff twenty-eight days from the date of the Order to file an amended complaint relating to any alleged constitutional violations at Salinas Valley State Prison and to provide information regarding the exhaustion of administrative remedies. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute. The time for Plaintiff to file his amended complaint has passed, and no amended complaint has been filed. Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1]  *See Yourish v. Cal. Amplifier*, 191 F.3d

---

[1] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED without prejudice.  The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:  October 31, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge